## H. E. Lawrence *v.* J. S. Grout.

A plat of survey purporting to be an extract from an approved map of a particular township, certified by the Register of the Land Office is inadmissible as evidence, it being only the copy of a copy and therefore not the best evidence.

The Surveyor General of the United States for the State is the proper person to certify the township maps.

The reservation in the Act of Congress of March 2d, 1849, which devotes a part of the swamp lands to the State, of lands which are "*claimed or held by individuals,*" does not apply to persons who claim or hold lands without a sufficient basis for perfecting a title thereto.

No claim can be enforced for improvements made on land while the title is in the sovereign.

APPEAL from the District Court of St. Mary, *A. Voorhies,* J. *J. G. & A. Olivier,* for plaintiff and appellant. *J. W. Walker,* for defendant.

Cole, J. The plaintiff and appellant claims to be the owner of lots 1 and 3 of section No. 3 in T. 16, S. of Range 12 E. in the S. W. land district of the State of Louisiana, containing fifty-one 44-100 acres; and complains, that defendant has committed divers acts of trespass and waste upon lot No. 3 aforesaid, to his damage five hundred dollars.

He prays to be quieted in his title to said land, and that writs of possession issue.

The defendant avers, that he is the legal owner and possessor of lots No. 4 and 6 in section No. 3 of T. No. 16 S. R. No. 12 E., which he acquired by purchase for a valuable consideration, the title to which originally came from the United States.

Plaintiff offered in evidence a patent for the lots claimed by him from the State of Louisiana.

LAWRENCE
v.
GROUT.

The only question in the case is as to the identity of Lot No. 3; for plaintiff has evidently a title to it. There is a confliction in the number of the lot which defendant supposes he bought, between the map of said township 16, as certified by the Register and that certified by the Surveyor General of the State, the former represents the lot claimed by defendant as No. 4, and the latter represents said lot as No. 3.

Defendant insists, that lot No. 4, of which he is probably the owner, is the lot No. 3 claimed by plaintiff; and, to prove this, offered a plat of survey purporting to be an extract from an approved map of township 16, certified by *R. Benguerel*, Register of the Land Office at Opelousas.

Plaintiff objected to the introdudtion of this plat, upon the general principle, that it was not the best evidence, and that it was the copy of a copy.

We are of opinion that this plat was inadmissible.

The certificate is in these words :

LAND OFFICE, OPELOUSAS, L<span style="font-variant:small-caps">a</span>., <i>April 14th</i>, 1856.

"I hereby certify, that the foregoing diagram is a true copy of sections Nos. one, two, three, four, five, nine, ten, eleven and sixteen of township No. 16, south of range No. 12 east, taken from the map of said township, on file in this office."

R. BENGUEREL, <i>Register.</i>

The Register does not certify, that it is a copy from the original plat filed in his office, and the Surveyor General in the copy offered by plaintiff of the township map No. 16, S. R. 12 E. certifies, that it is a "copy of the original, now on the files of this office," which shows, that the map offered by defendant was a copy of a copy.

The surveyor General of the United States for this State is the officer who has charge of the public surveys, and he is the proper person to certify the township maps. Land Laws, vol. 2, 294, sect. 6.

It has been held by this court, that the copies of public surveys, deposited in the office of the Register of the Land Office, are placed there for his government, and to enable him to perform the duties imposed by law; but he has not legal authority to certify copies so as to make them legal evidence. The law intrusts that power to another person. *Millaudon et al.* v. *McDonogh*, 18 L., 115.

It is contended, that this decision has been overruled by two decisions, one in 1st R. and the other in 3d R.; an examination of these decisions will show, that they do not militate against the one quoted from 18th L.

In *Boatner* v. *Scott*, 1 R., 552, it appears, that the copy of the plat of survey was "certified by the Register of the Land Office to be a correct transcript of the original survey in his office," and the court considered it good evidence, because it was certified by the officer who declared that he had the custody of the original survey.

In *Désiré Judue* v. *François Chrétien*, 3 R., 15, the court merely declared, that the Registers of the Land Offices of the United States may, like all other keepers of public records, give copies or extracts of any books or documents in their *custody*, and such copies duly certified are admissible in evidence; but they cannot attest or certify the contents of such books or documents in any other manner.

This decision was given on a bill of exceptions to the opinion of the District

Court refusing to admit in evidence a certificate of the Register of the Land Office at Opelousas, attesting that the plaintiff's claim to the premises had been allowed by the then Register and Receiver of the office, as *appeared* from the books in the possession and keeping of the Register.

It is evident that the court did not in this case decide the point now under consideration, and that these two decisions are not antagonistical to that in 18 L., 115.

Defendant has then shown no title to the land claimed by plaintiff, but defendant urges, that the Act of Congress of March 2d, 1849, entitled "An Act to aid the State of Louisiana in draining the swamp lands therein," and which devotes a part of the swamp and overflowed lands in Louisiana to the State, provides that the grant shall not embrace swamp lands which are "claimed or held by individuals," and that the land sued for by plaintiff is swamp land, and was claimed five years before plaintiff purchased his warrant.

As defendant has produced no title for the lot in dispute, he cannot fairly come within this provision, for the meaning of the proviso must be, that the lands of those shall not be embraced who claim or hold their lands by a title or some right that can be enforced at law; it cannot signify, that persons who claim or hold lands without any title or any right which would serve as a basis for perfecting or obtaining hereafter a title, could prevent such lands from being sold as swamp lands, for such an interpretation would defeat the donation.

Besides the 2d section of said Act of Congress declares: "That as soon as the Secretary of the Treasury shall be advised by the Governor of Louisiana, that that State has made the necessary preparation to defray the expense thereof, he shall cause a personal examination to be made, under the direction of the Surveyor General thereof, by experienced and faithful deputies, of all the swamp lands therein which are subject to overflow and unfit for cultivation; and a list of the same to be made out and certified by the deputies and Surveyor General to the Secretary of the Treasury, who shall approve the same, so far as they are not claimed or held by individuals," &c.

In the absence of adverse proof we must presume, that the Secretary of the Treasury performed his duty, and that the lot now sued for by plaintiff was not claimed or held by defendant in the sense of the said statute of Congress.

It is true, that defendant has offered in evidence the receipt of the Receiver and the certificate of the Register of the purchase by *William Smith*, under whom he holds, of lots four and six, but he has adduced no title for lot 3, and the judgment in his favor is erroneous.

Defendant asks, that in the event of eviction he may be paid for his improvements. Without deciding whether, under the circumstances of this case, he is entitled to be paid for the same, we would observe, that the evidence as to them is rather indefinite.

*Copper* testifies that *Smith* made improvements, but does not state their nature or value. *L. B. Reeds* testifies that ten acres are probably cleared. But the benefit of this clearing to the land and augmentation of its value are not so clearly shown; besides, it is not proved, that this clearing was made after plaintiff acquired his title from the State—for if it was made when the title of the lot was in the sovereign, defendant could not recover anything therefor.

We think that he is not entitled to any compensation for his improvements.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and that plaintiff be quieted in his title to lot No. three in township No. sixteen south of range No. twelve east in the south-western land district of the State of Louisiana, as designated and numbered on the approved township map, marked No. 4, certified by the Surveyor General of the State of Louisiana, and contained at the end of the record of this suit, and that a writ of possession issue according to law, and that the demand of defendant in compensation be rejected, and that defendant pay the costs of both courts.